### 22403. ADAMSON *v.* THE STATE.

DECIDED FEBRUARY 3, 1933.

*E. S. Ault,* for plaintiff in error. *J. A. Wright, solicitor,* contra.

MacINTYRE, J. The accusation in this case charged Charles Adamson Jr. with possessing intoxicating liquors on May 21, 1931, in Polk county, Georgia. His motion for a new trial was based solely upon the usual general grounds.

Charles Adamson Sr. and his wife were living in Cedartown, Ga., and their son, the defendant, was living with them. F. D. Clark, a Federal prohibition officer, testified, in substance, that he heard that whisky was being shipped to the defendant, and he came to Cedartown on May 21, 1931, and found that "a wooden box consigned to D. C. Colin, in care of Charles Adamson Jr.," had arrived by express; that the box was carried to the Adamson home and delivered; that when the box was opened there it was found to contain a five-gallon can which had in it about two and a half gallons of pure grain alcohol. This witness further testified: "The box was marked with . . a marking pot. It was not stencilled, and it was from . . Atlas Machine Works, Philadelphia, Penn., to D. C. Colin, in care of Charles Adamson Jr., Cedartown."

W. E. Rutledge, the express agent, testified that he delivered the package in question at the Adamson home in May, 1931; that he took it "around to the house between eleven and twelve o'clock

. . , drove . . to the back door, and carried it up the steps as usual;" that Laura McDaniel was standing near the door, and witness said: "I have a package for you," and set it down, and she signed for it; that witness frequently delivered packages at the Adamson home, and Laura, the cook, signed for them "nine times out of ten;" that on October 17, 1930, witness delivered a package "from Atlas Machine Company," valued at $300, and' Laura McDaniel signed for it; that the records showed that this package was consigned to "Charles Adamson," but that his recollection was that the address on the box was "Charles Adamson Jr.;" and that witness did not know that there was any liquor in this package. W. K. Russell testified, in effect, that the alcohol was found "just inside the kitchen door" of the Adamson home, where it had been delivered to Laura. Laura McDaniel testified, in substance, that she had been working for the Adamsons for many years, and was working for Mr. Charles Adamson Sr. in May, 1931; that the defendant had a room there, and "stayed there when he wanted to, but that sometimes he would be gone for months;" that the home "was in charge of Mr. Adamson Sr., of course; that on May 21st "the express man brought a package there" and said it was for the defendant; that witness said, "Who do you want to sign for it?" and they said, "You'll do;" that witness receipted for the package as cook, without knowing what was in it; that witness frequently signed for packages for Mr. Adamson Sr. and his wife, but never remembered signing for the defendant; that the defendant left at about ten o'clock that morning to carry his sick father to a hospital in Atlanta; that at the time the package in question was delivered to her, only she and Mrs. Adamson were at the Adamson home; and that the package was put "right inside the laundry door," and witness did not move it. The gist of the defendant's statement to the jury was that he did not order the alcohol in question; that he was in Atlanta when it was confiscated; and that he had nothing to do with it. It nowhere appears from the record who D. C. Colin was. Indeed, it does not appear whether or not there was any such person.

Having set out somewhat fully the material evidence in the case, we see no occasion to analyze it. However, a careful study of the record satisfies our minds that the circumstantial evidence in the case fails to exclude every other reasonable hypothesis than that of

the guilt of the accused. Therefore, we hold that the trial judge erred in overruling the motion for a new trial.

*Judgment reversed. Guerry, J., concurs.*

BROYLES, C. J., dissenting. The defendant was convicted of possessing intoxicating liquors, and his motion for a new trial embraced the usual general grounds only. The undisputed evidence showed that the prohibition officer had information on May 21, 1931, that intoxicating liquors were being sent by express to the defendant at Cedartown, Georgia, and that on the same day he (the officer) came to Cedartown and found that a wooden box, consigned to "D. C. Colin" (evidently a fictitious person), in care of the defendant, had just arrived by express; that this box was delivered by the express company to the defendant's residence (where he lived with his father and mother), and the box was taken possession of by the cook, Laura McDaniel, who signed for it; that soon afterwards (on the same day) the officer opened the box and found that it contained about two and a half gallons of pure grain alcohol; that the defendant was not at the house when the alcohol was delivered; and that the cook usually signed for deliveries. In my opinion the jury were authorized to find that the cook was the duly authorized agent of the defendant to receive the alcohol for him, and her possession thereof was his possession. I think that the circumstantial evidence was sufficient to exclude every *reasonable* hypothesis save that of his guilt, and the finding of the jury having been approved by the trial judge and no error of law being complained of, this court is without authority to interfere.